Case 4:20-cv-01600   Document 24   Filed on 06/30/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOLANDO KING (TDCJ #2193351), JARVIS D'ANDRE HOWARD (TDCJ #744983), GALLON WAYNE HODGES (TDCJ #1109074), and THOMAS EGGLESTON (TDCJ #763393),<br><br>        Plaintiffs,<br><br>v.<br><br>PRESIDENT DONALD J. TRUMP, GOVERNOR GREG ABBOTT, TEXAS BOARD OF PARDONS AND PAROLES, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-20-1600<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

The court received a hand-written complaint for Strict Liability Torts ("Complaint") (Docket Entry No. 1), from four state inmates at the Estelle Unit who are members of the Indigenous Sovereign Nation of the Moorish Kingdom of Yahweh Aqua Terra Saragossa or the Divine Tribe of Brother Moors: Jolando King (TDCJ #2193551), also known as Jolando King-El or Grand National Sheik Beniyah Ben Hanif Isra-El; Jarvis D'Andre Howard (TDCJ #744983), also known as Jarvis D'Andre Howard-El; Gallon Wayne Hodges (TDCJ #1109074), also known as Gallon Wayne Hodges-El or Kushu Rajul-

Bakuba; and Thomas Eggleston (TDCJ #763393), also known as Thomas Eggleston-El III. Eggleston submitted an application for leave to proceed in forma pauperis, which the court granted (Docket Entry No. 16), but none of the other plaintiffs have complied with the court's instructions to satisfy the filing fee in this case (Docket Entry No. 4). Because the plaintiffs are prison inmates who have not paid the filing fee, the court is required to scrutinize the pleadings and dismiss the action, in whole or in part, if it determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, this case will be dismissed for the reasons explained below.

## I. Background

The plaintiffs have filed this lawsuit against President Donald J. Trump, Governor Greg Abbott, the Texas Board of Pardons and Paroles, and the Texas Department of Criminal Justice ("TDCJ"), regarding the coronavirus pandemic or COVID-19. See Complaint, Docket Entry No. 1, pp. 1-2. The plaintiffs allege that more than "1,000,000,00 [sic]" people have died from COVID-19. Id. at 1. Although they provide no details, the plaintiffs claim that they have been denied "EMERGENCY" parole from restrictive conditions of confinement at the Estelle Unit, which has been in lockdown to

prevent the spread of COVID-19 within the prison population.  Id. The plaintiffs accuse President Trump and the other defendants of "MISPRISION OF TREASON" and they seek the following relief: (1) the dismissal of all charges and sentences that they are serving; (2) their immediate release "from all Physical and financial debt"; (3) the discharge of all monetary charges, debts, and loans; and (4) monetary damages in the amount of "$1,000,000,00 [sic]."  Id. at 2.

There are several pending motions in this case.  King has filed a "Motion for Special Visitation" by an unidentified attorney who represents all Moorish inmates (Docket Entry No. 7, p. 1).  In addition, the plaintiffs have filed a "Motion for Emergency Bond [Due] to COVID-19" (Docket Entry No. 15), in which they seek release from prison pursuant to a "Private registry bond" authorized by the Indigenous Sovereign Nation of the Moorish Kingdom of Yahweh Aqua Terra Saragossa in the amount of "$4,000,000,00 [sic]." (Docket Entry No. 15-1, p. 2).  King has also filed a separate "Emergency Motion to [Reopen] TDCJ and [Release] Offender on Parole[] [Due] to COVID-19," citing restrictive conditions of confinement while in lockdown, including limited access to mental health care, hot food, visitation privileges, phone privileges, church attendance, sunlight, and fresh air (Docket Entry No. 18, p. 1).

Eggleston, as "Secretary of State" for the Indigenous Sovereign Nation of the Moorish Kingdom of Yahweh Aqua Terra

Saragossa, has submitted a "Notice of Payment," arguing that the filing fee for all four plaintiffs has been paid by a "Kingdom Deed and Title to the Contracts Involving Real Property" that was submitted to the Clerk of Court by the "Chief Financial agent" for a "Private Bank" operated by the "SG-1 Nation" (Docket Entry No. 21, p. 1). Eggleston appears to reference a document submitted by King that is entitled "Writing Contracts to Pay Member Fees," which includes "Contracts Involving Interests in Real Property" owned by the Moorish Kingdom and purports to transfer an interest in real property to the United States District Court for the Southern District of Texas in lieu of the plaintiffs' filing fees (Docket Entry No. 19, p. 1). King has also submitted a "Financial Instrument" under Uniform Commercial Code ("UCC") that was issued by the "Private Bank SG-1 Nation" in the form of a "Banker's Blanket Bond" valued at over "One Hundred and Sixty Billion Olives ($800 Billion USD)," and other UCC Financial Statements in an effort to pay the filing fees for the plaintiffs' civil action (Docket Entry No. 10, pp. 1-12).

The court has received requests from two other Moorish inmates, James Westfall (TDCJ #1474990) and John Brandon Bennett (TDCJ #12733223), seeking leave to join this case as plaintiffs (Docket Entry Nos. 14, 20). The court has also received a second "Complaint" against "Deficient President Donald J. Trump," which is construed as a motion for leave to amend, accusing the defendants

of genocide and adding a request for "$10,000,000,000,00 [sic]" in punitive damages for human rights violations (Docket Entry No. 22, pp. 1-5). In addition, Hodges has filed a "Motion for Request of Extension of Time," noting that access to the law library is limited due to the lockdown at the Estelle Unit (Docket Entry No. 23).

## II. Discussion

The plaintiffs do not allege any personal involvement by President Trump or Governor Abbott in the conditions of their confinement or any adverse parole decision. To the extent that the plaintiffs have filed this suit for damages against President Trump for actions taken in his official capacity as President of the United States, those claims must be dismissed because he is absolutely immune from suit for damages "predicated on his official acts." Nixon v. Fitzgerald, 102 S. Ct. 2690, 2701 (1982).

Likewise, claims for damages against state officials and agencies, including Governor Abbott, the Texas Board of Pardons and Paroles, and TDCJ, are barred in federal court under the principle of sovereign immunity established by the Eleventh Amendment. See Kentucky v. Graham, 105 S. Ct. 3099, 3107 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.") (citations omitted); Daniel v. University of Texas Southwestern Med. Ctr., 960 F.3d 253, 256 (5th Cir. 2020) ("Pursuant to the

Eleventh Amendment, a state's sovereign immunity in federal court extends to private suits against state agencies, state departments, and other arms of the state.") (citations omitted).

The plaintiffs' claims fail for other reasons. Although the plaintiffs' request for release could be construed to seek a writ of habeas corpus, the claims for relief asserted in the Complaint, which seek the dismissal of previous criminal charges that have not been invalidated and the discharge of financial debt, loans, and other "monetary charges," are based on theories that are not credible. See Bey v. State of Indiana, 847 F.3d 559, 560-61 (7th Cir. 2017) (distinguishing tenets of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed in forma pauperis in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); Barthelemy-Bey v. Louisiana, No. 19-cv-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted); Mason v. Anderson, No. 4:15-cv-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing Wirsche v. Bank of Am., N.A., No.

7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law - not a single time.") (citations omitted)); Gooden-El v. Texas, No. 20-cv-159, 2020 WL 1847157, at *1-2 (W.D. Tex. April. 13, 2020) (recommending dismissal of a complaint filed by another inmate from the Estelle Unit, seeking release of all "Moorish American Nationals" being held in unlawful captivity as hostages or political prisoners, as "frivolous").

The plaintiffs' proposed amended complaint (Docket Entry No. 22) does not cure the foregoing deficiencies. Accordingly, the court concludes that this case must be dismissed as both factually and legally frivolous. See Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (stating that a complaint may be dismissed as factually frivolous if it fits within the "category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional'")(quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831, 1833 (1989)); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.").[1]

---

[1] The writ of habeas corpus provides the sole federal remedy for prisoners who seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriquez, 93 S. Ct. 1827, 1841 (1973). The dismissal of this civil action is without prejudice to each individual plaintiff seeking release in a
(continued...)

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The civil action filed by Jolando King (TDCJ #2193551), Jarvis D'Andre Howard (TDCJ #744983), Gallon Wayne Hodges (TDCJ #1109074), and Thomas Eggleston (TDCJ #763393) is **DISMISSED with prejudice** as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3. All pending motions (Docket Entry Nos. 7, 14, 15, 18, 20, 22-23) are **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiffs. The Clerk will also send a copy to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 30th day of June, 2020.

	SIM LAKE
	SENIOR UNITED STATES DISTRICT JUDGE

---

[1](...continued)
properly filed habeas corpus petition in compliance with the federal habeas statutes and the rules governing habeas proceedings, including the exhaustion requirement found in 28 U.S.C. § 2254(b).